**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4530**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ROBERT MONAHAN,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, District
Judge.  (CR-04-452)

———————————

Submitted:  March 8, 2006              Decided:  April 3, 2006

———————————

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, III, Federal Public Defender, William C. Ingram,
First Assistant Federal Public Defender, Greensboro, North
Carolina, for Appellant.  Kearns Davis, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William Robert Monahan pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). He was sentenced to thirty months in prison. Monahan now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his opinion, there are no meritorious issues for appeal. Monahan was advised of his right to file a pro se supplemental brief, but has not filed such a brief. We affirm.

The sole issue raised by counsel is whether the sentence is reasonable. We note that counsel identifies no error in the proceeding and concludes that the sentence, at the low end of Monahan's guideine range of 30-37 months, is reasonable.

After the decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence post-Booker, sentencing courts are still required to calculate and consider the defendant's guideline range and to consider that range along with the sentencing factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. We will affirm a post-Booker sentence if it is both reasonable and within the statutory maximum. Id. at 546-47.

Here, the district court, as required, considered both the guideline range and the § 3553(a) factors when imposing sentence.  The thirty-month sentence is with the statutory maximum of ten years.  See 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005).  Accordingly, we conclude that Monahan's sentence is reasonable.

In accordance with Anders, we have thoroughly reviewed the entire record and found no meritorious issues for appeal.  We therefore affirm.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED